**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JEFFREY CARNES,** : | |
| : | Case No. 2:21-cv-03975 |
| **Plaintiff,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Jolson |
| **OHIO DEPARTMENT OF TAXATION** : | |
| : | |
| : | |
| **Defendant.** | |

**OPINION & ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 20). For the reasons more fully stated below, the Court **GRANTS** Defendant's Motion.

**I.     BACKGROUND**

Jeffrey Carnes worked for the Ohio Department of Taxation ("ODT") in Information Technology. (ECF No. 1 at 2). He alleges that issues with his employer began when Steven Gray, a then-new administration head at ODT Human Resources, demoted Carnes from a Programmer Specialist to an Information Technologist 2 in August of 2011 "for no just cause." (*Id.*). In response, Carnes filed a union grievance along with the Ohio Civil Service Employees Association ("OCSEA"). (ECF No. 1-2 at 7). Carnes eventually secured a favorable settlement in early January of 2012 "for working beyond the … IT2 classification" of his new role as Information Technologist 2. (ECF No. 1 at 3); (*See* ECF No. 1-2 at 5–6). According to Carnes, ODT retaliated by suspending him for three days initially, then for five. (ECF No. 1 at 3). Each reprimand, Carnes notes, was ultimately withdrawn. (*Id.*). Then, according to Carnes, ODT undertook more severe measures. (*Id.*).

1

That same year, ODT invoked a process called involuntary disability separation ("IDS") to terminate Carnes' employment. (*Id.* at 9, 13–14). It was during this process that ODT Human Resource employee Charles Kumpar allegedly falsified information that Carnes' states led to his separation. (*See id.* at 1, 7, 15). Specifically, Kumpar claimed that Carnes behaved in such a concerning manner during a meeting that he arranged for a medical evaluation to determine if Carnes was "fit for duty." (*See id.* at 5, 7). Carnes alleges this claim was false because, among other reasons, Kumpar stated that whether the resulting report from the evaluation was factually true was irrelevant; Kumpar simply sought Carnes' disqualification from the job. (*See id.*). Additionally, it was during the early stages of the IDS process Carnes was called "old" and told that he could not lift fifty pounds. (*Id.*).

ODT's decision was based on a finding that Carnes was disabled within the meaning of that regulation and could not perform the essential functions of that position. (*See id.* at 8–9, 13–14). Following that decision, Carnes appealed his separation to the Ohio Personnel Board of Review ("the Board"). (*See id.* at 8). The Board upheld the separation, and Carnes subsequently appealed to the Franklin County Court of Common Pleas. (*See id.* at 9, 12). That Court "reversed the Board's Order and remanded … because the administrative law judge had not considered all Carnes' evidence[;]" and Ohio's Tenth District Court of Appeals "affirmed the trial court's judgment." (*See id.* at 12) (quoting *Carnes v. Ohio Dep't of Taxation*, 10th Dist. No. 15AP-971, 2016-Ohio-3428).

On remand, the Board again upheld ODT's decision to use IDS to terminate Carnes' employment. (*See id.*) (citing *Carnes v. Ohio Dep't of Taxation*, No. 17-cv-4443 (Ohio Com. Pl. Sept. 13, 2018). He again sought judicial review, appealing the decision to the Franklin County Court of Common Pleas. (*See id.*). After the trial court upheld the Board's decision, Carnes'

sought review in the Tenth District Court of Appeals.  (*See id.* at 13).  Following that court's decision to uphold the trial court's judgment, he filed a complaint with the Ohio Civil Rights Commission ("OCRC") on December 4, 2019.  (*Id.* at 2, 14).  According to Carnes, the OCRC told him it was unable to pursue his complaint any further and that if he wished to continue, he needed to work with the Equal Employment Opportunity Commission ("EEOC"). That agency issued a right to sue letter on April 29, 2021.  (*Id.*).  A little under three months later, Carnes filed this lawsuit proceeding pro se.  (*See id.* at 1).

Plaintiff challenges the Involuntary Disability Separation by ODT, and claims that the agency violated the Americans with Disabilities Act ("ADA"), the Age Discrimination Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Ohio Civil Rights Act either before or throughout that process. (*Id.* at 14, 17).

Defendant timely filed its Motion to Dismiss (ECF No. 20); Plaintiff timely filed his Response in Opposition (ECF No. 24); and Defendant timely filed its Reply (ECF No. 29). Plaintiff also filed a Surreply.  (ECF No. 30).  This matter is now ripe for review.

## II.     STANDARD OF REVIEW

When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). Federal Rule of Civil Procedure 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties: (1) a facial attack; or (2) a factual attack. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (identifying the two types of 12(b)(1) motions to dismiss). Facial attacks on subject matter jurisdiction "merely question[ ] the sufficiency of the pleading." *Id.* A facial attack

3

on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss. *Id.* The Court will grant a Rule 12(b)(1) motion to dismiss if, taking all the plaintiff's allegations as true, the court is without subject matter jurisdiction to hear the claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In a factual attack on subject matter jurisdiction, a court "must ... weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id. See also Nat'l Assoc. of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002). The Court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins.*, 922 F.2d at 325 (citations omitted). The Court may consider such evidence without turning the motion into one for summary judgment. *Id.* The plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence when the defendant challenges subject matter jurisdiction under Rule 12(b)(1).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

When a litigant is proceeding *pro se*, this Court holds his pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.   LAW & ANALYSIS

Defendant filed its Motion to Dismiss asserting two theories for dismissal: (1) this Court lacks subject matter jurisdiction over Plaintiff's claims concerning his involuntary disability separation, those brought under the ADEA, ADA, and any related state law claims; and at any rate, (2) Plaintiff failed to state any claims upon which relief could be granted. (ECF No. 20 at 2–3). Accordingly, based on one or more of the above theories, Defendant contends that Plaintiff's Complaint must be dismissed. (*Id.*).

Although Plaintiff filed a Response in Opposition, his filing reasserts many of the facts set forth in his Complaint without reference to Defendant's arguments concerning jurisdiction or failure to state a claim. (*See* ECF No. 24). The few assertions that could arguably be identified as responses are as follows: (1) he appears to argue that although his claim under the ADEA may be subject to the bar of sovereign immunity, the primary claims of "Disability Discrimination Discharge[,] Retaliation[, and] Defamation" are not; (2) absent explanation, he recites the concept

5

of federal question jurisdiction, implying that he disagrees with ODT's contention concerning this Court's authority to hear his claims; and (3) ODT's argument that he "failed to state a claim upon which relief can be granted" is simply a tactic employed to "take the Court into other directions." (*See id.* at 6).

This Court will begin its analysis with Defendant's Motion under 12(b)(1) and conclude with its Motion under 12(b)(6).

### A.  12(b)(1)

*1.  Appellate Review & State Law Claims against State in Federal Court*

Defendant argues that Plaintiff seeks judicial review of a 2019 decision by Ohio's 10th District Court of Appeals. (ECF No. 20 at 3). Alternatively, Defendant maintains that to the extent Plaintiff is attempting to sue the Ohio Department of Taxation in the first instance, his state law claims are barred by sovereign immunity. (*Id.* at 10).

Plaintiff expresses a general disagreement with Defendant's argument concerning this Court's authority to hear his claims. (*See* ECF No. 24 at 8). He does not refute Defendant's framing of his case as an appeal, complains throughout his Response that other courts failed to "vet all the evidence," and even refers to himself as the Plaintiff-Appellant and the Defendant as the Defendant-Appellee. (*See id.* at 1, 10). He also asserts that he has exhausted all necessary processes and has the right to sue based on his right to sue letter from the EEOC. (*See id.*). As stated above, because Plaintiff is proceeding *pro se* his pleadings are subject "to less stringent standards than formal pleadings drafted by lawyers." *Garrett*, 374 F.App'x at 614.

Involuntary disability separation in Ohio is governed by Ohio Administrative Code section 123:1-30. *See Ewell v. Montgomery Cty. Ct. of Common Pleas*, 2014-Ohio-3047, ¶ 10 (citing *Cordial v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP–473, 2006–Ohio–2533, ¶ 10 and

6

Ohio Adm. Code 123:1–30–01(A)). An individual separated pursuant to this procedure may seek review by Ohio's State Personnel Board of Review ("Board"). *Id.* (citing *Cordial* at ¶ 20, R.C. 124.03(A), and Ohio Adm. Code 123:1–30–04(I)). Once that agency renders a final decision, a party may seek review in Ohio state court. Ohio Rev. Code § 119.12(B). The statute authorizing review does not provide for review in any other forum. *See id.* ("Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county."). Moreover, though Ohio has waived its sovereign immunity as to some actions under Ohio law, those must be brought in the Ohio Court of Claims. *See* Ohio Rev. Code § 2743.03(A)(1) ("[T]he court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code."). Otherwise, Ohio law claims against the state are barred by the state's Eleventh Amendment sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("We concluded … that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.").

Plaintiff asserted his right to seek review of the Board's decision in state court. After receiving an adverse order from the Board, he sought review in the Franklin County Court of Common Pleas. *See Carnes v. Ohio Dep't of Tax'n*, 2016-Ohio-3428, ¶ 1. When Plaintiff received an adverse decision in that court, he then sought review in Ohio's Tenth District Court of Appeals. *Id.* He again sought review in that same court in 2019. *Carnes v. Ohio Dep't of Tax'n*, 2019-Ohio-3244, ¶ 37.

To the extent he seeks additional review of that court's decision, that statute—or any other authority—does not authorize this court to grant this request. To the extent he is attempting to

7

assert a state law claim against the state in this Court in the first instance, that too is barred under *Pennhurst*.[1] 465 U.S. at 121.

Accordingly, Plaintiff's claims concerning his involuntary disability separation pursuant to state law—whether as an appeal or in the first instance—are **DISMISSED WITHOUT PREJUDICE FOR A LACK OF JURISDICTION**.

### 2. Federal Discrimination Claims

Defendant argues that Plaintiff's claims under the ADA and ADEA are barred by the State's Eleventh Amendment sovereign immunity. (*See* ECF No. 20 at 3). Moreover, Defendant contends that because the State has neither consented to suits nor has Congress abrogated the State's immunity under these statutes, Plaintiff is barred from bringing these claims. (*See id.* at 9). Accordingly, Defendant maintains these claims must be dismissed.

In his Response in Opposition, Plaintiff asserts that though his ADEA claims may be subject to the bar of sovereign immunity, his claims of "Disability Discrimination Discharge[ and] Retaliation" are not. (*See* ECF No. 24 at 6).

"The Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies." *Jimmie L. Washington v. State of Ohio et al.*, No. 5:21-CV-2003, 2022 WL 657484, at *2 (N.D. Ohio Mar. 4, 2022). To overcome this bar, the State "must consent[] to such a suit or its Eleventh Amendment immunity [must have] been properly abrogated by Congress." *Id.* The Supreme Court held that when it comes to suits under the ADEA, "Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). Moreover, Ohio has not consented to being sued under this statute. *Watson v. Ohio Dep't of Rehab. & Correction*, 167 F. Supp. 3d 912, 922 (S.D. Ohio 2016),

---

[1] Plaintiff's possible assertion that ODT violated the Ohio Civil Rights Act or Ohio's defamation laws fails for similar reasoning under *Pennhurst*. 465 U.S. at 121.

*aff'd*, 690 F. App'x 885 (6th Cir. 2017) (citing *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005)).

The Supreme Court also held that "[b]ecause Title I [of the ADA] did not abrogate the states' Eleventh Amendment immunity, individuals may not sue states for money damages under Title I." *Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001)).  Similar to the ADEA, this Court has found that Ohio has not consented to suit under Title I of the ADA.  *See Lutz v. Ohio Dep't of Rehab. & Correction*, No. 2:10-CV-877, 2011 WL 587144, at *1 (S.D. Ohio Feb. 9, 2011).

Individuals may, however, "seek prospective injunctive relief for Title I violations pursuant to *Ex parte Young*." *Whitfield*, 639 F.3d at 257[2] (citing *Garrett*, 531 U.S. at 374 n.9, and *Ex parte Young*, 209 U.S. 123 (1908)).  Such an action requires the litigant to sue "a state official acting in her official capacity and may "seek [only] prospective relief to end a continuing violation of federal law." *Id.* (citing *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002)).  Notably, "reinstatement … constitutes prospective injunctive relief." *Id.* (citing *Carten*, 282 F.3d at 395.).

And though the parties do not explicitly address this point, courts within the Sixth Circuit have held that whether a state is immune from an ADA Title V retaliation claim flows from the state's immunity status on the underlying claim.  For example, if "the underling claim is predicated on alleged violations of Title II of the ADA," the state's immunity status on the underlying claim extends to the corresponding Title V claim. *See e.g., McCollum v. Owensboro Cmty. & Tech. Coll.*, No. 4:09CV-00121-M, 2010 WL 5393852, at *3 (W.D. Ky. Dec. 22, 2010); *Saqr v. Univ. of Cincinnati*, No. 1:18-CV-542, 2019 WL 699347, at *10 (S.D. Ohio Feb. 20, 2019), report and recommendation adopted, No. 1:18CV542, 2019 WL 1200802 (S.D. Ohio Mar. 14, 2019).

---

[2] Note that in an unpublished decision the Sixth Circuit also found that an *Ex parte Young* action seeking prospective relief is viable "under the ADEA." *Meekison v. Voinovich*, 67 F. App'x 900, 901 (6th Cir. 2003).

9

Here, absent consent or valid Congressional abrogation, the Eleventh Amendment is a complete bar to actions under the ADEA and Title I of the ADA for money damages.  Because this Court finds that ODT is immune from the Title I claim at issue in this case, sovereign immunity also bars any Title V claims based on that same conduct. *Id.* (citing *Demshki v. Monteith*, 255 F.3d 986 (9th Cir. 2001) (finding that state was immune for ADA Title V retaliation claim predicated on Title I violation because state was immune for suit under Title I)).  Plaintiff's potential claims for injunctive relief under Title I (and any potentially related causes of action under Title V) and ADEA fail because—even when read generously—he does not appear to be suing a state official in his official capacity.  *See Taylor v. Tennessee Dep't of Safety*, No. 20-CV-2855-MSN-TMP, 2021 WL 1876151, at *3 (W.D. Tenn. Apr. 1, 2021), report and recommendation adopted, No. 220CV02855MSNTMP, 2021 WL 1714244 (W.D. Tenn. Apr. 30, 2021) (dismissing pro se Plaintiff's ADA claim, in part, for not naming an official in her official capacity as a Defendant); *Henton v. Ohio Dep't of Rehab. & Correction*, No. 1:19 CV 462, 2019 WL 4346266, at *2 (N.D. Ohio Sept. 12, 2019) (same); *Taylor v. Univ. of Michigan*, No. 17-11473, 2018 WL 1322395, at *5 (E.D. Mich. Feb. 23, 2018), report and recommendation adopted, No. 17-11473, 2018 WL 1316165 (E.D. Mich. Mar. 14, 2018) (same).  Although Plaintiff identifies the Tax Commissioner in the caption of his Complaint, it does not appear that he did this for anything other than administrative reasons.[3]  Accordingly, these claims are **DISMISSED WITHOUT PREJUDICED FOR A LACK OF JURISDICTION**.

---

[3] For example, the parties' names appear in all caps and the Plaintiff refers to this party as the "Defendant" as opposed to "Defendants".  Moreover, he does not mention this official anywhere else in his Complaint and unlike the Defendant in *Whitfield*, ODT did not interpret the Complaint to name such official.  *See Whitfield*, 639 F.3d at 257.

## B.  12(b)(6)

Although Defendant does not move to dismiss Plaintiff's Title VII claim under 12(b)(6), a district court may dismiss *sua sponte* for failure to state a claim provided the Plaintiff "was given notice and an opportunity to amend." *Gooden v. City of Memphis Police Dep't*, 29 F. App'x 350, 352 (6th Cir. 2002); *see also Lloyd v. Pokorny*, No. 2:20-CV-2928, 2020 WL 4455547, at *12 (S.D. Ohio Aug. 3, 2020), *appeal dismissed*, No. 20-3928, 2020 WL 7062663 (6th Cir. Nov. 3, 2020), *and reconsideration denied*, No. 2:20-CV-2928, 2021 WL 5339505 (S.D. Ohio Oct. 6, 2021).

Under Title VII, it is unlawful for covered employers "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[ ]...." 42 U.S.C. § 2000e-2(a)(1).  Generally, a plaintiff must file timely charges of employment discrimination with the EEOC and receive and act upon the EEOC's notice of the right to sue before alleging a violation of Title VII in federal court. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

Here, though Plaintiff mentions in passing that he has received a right to sue letter from the EEOC, including for a violation of Title VII, he does not make any other allegation to support that claim.  Indeed, he makes no allegation that he experienced an adverse employment action because of his "race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a)(1). Though the Court does not dismiss this claim, pursuant to *Gooden*, 29 F. App'x at 352, this decision serves as Plaintiff's notice and he will be allowed to amend his Complaint.

## IV. CONCLUSION

For the reasons more fully stated above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 20). Plaintiff is given **fourteen** (14) days to Amend his Complaint. Regarding Motion for Moving the Case Forward and Surreply to Reply (ECF No. 30), to the extent that is a Motion, it is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 13, 2022**