IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY CARNES,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-03975 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| **OHIO DEPARTMENT OF TAXATION,** | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before this Court on Defendant's Second Motion to Dismiss (ECF No. 33). This Court previously granted Defendant's first Motion to Dismiss (ECF No. 20), noting that Plaintiff's various claims suffered from jurisdictional and pleading defects, but allowed Plaintiff to amend his Title VII claim. Because Plaintiff's Amended Complaint (ECF No. 32) again fails to provide sufficient factual pleadings of a Title VII violation, this Court **GRANTS** the motion to dismiss and **DISMISSES** this case.

### I. BACKGROUND

Plaintiff Jeffrey Carnes was previously employed by Defendant Ohio Department of Taxation ("ODT") in Information Technology. (*See* Op. & Order, at 1, ECF No. 31). The events giving rise to this action began in 2011, when Plaintiff claims he was unjustly demoted at ODT. (*Id.*). Carnes claims that, after his union grievance about the demotion met with early success, ODT engaged in pattern of retaliation against him, invoking an internal review process called Involuntary Disability Separation ("IDS"). (*Id.* at 2). During IDS, it was determined that Carnes was disabled and could no longer carry out the essential duties of his role. (*Id.*). Carnes, however, disagreed with that conclusion, and appealed the IDS decision first to the Ohio Personnel Board

1

of Review ("the Board), then to the Franklin County Court of Common Pleas, and finally to the Ohio Tenth District Court of Appeals. (*Id.*). On appeal, he argued *inter alia* that ODT Human Resources employee Charles Kumpar falsified information about Carnes' work capacity and ability. After the Tenth District upheld the trial court's judgment affirming the Board's decision to use IDS to terminate Carnes' employment, he filed a complaint with the Ohio Civil Rights Commission, which in turn told him to work with the federal Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 2–3). Plaintiff did so, and the EEOC issued a right to sue letter on April 29, 2021. (*Id.*).

In July 2021, Plaintiff filed his Complaint in this case, challenging the IDS by ODT pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213; the Age Discrimination Employment Act of 1967 ("ADEA"), Pub. L. No. 90-202, 81 Stat. 602 (codified as amended at 29 U.S.C. §§ 621–34); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; and the Ohio Civil Rights Act, Ohio Rev. Code ch. 4112. (*See generally* Compl., ECF No. 1). On September 13, 2022, this Court granted Defendant's Motion to Dismiss, dismissing four of Plaintiff's claims—those pursuant to state law, the ADEA, and Titles I and V of the ADA—for lack of jurisdiction. (*See generally* Op. & Order, ECF No. 31). Additionally, this Court granted Carnes 14 days to amend his Title VII claim or risk dismissal, cautioning:

> Here, though Plaintiff mentions in passing that he has received a right to sue letter from the EEOC, including for a violation of Title VII, he does not make any other allegation to support that claim. Indeed, he makes no allegation that he experienced an adverse employment action because of his "race, color, religion, sex, or national origin." . . . Though the Court does not dismiss this claim, . . . this decision serves as Plaintiff's notice and he will be allowed to amend his Complaint.

(*Id.* at 11) (internal citations omitted).

Plaintiff promptly filed an Amended Complaint on September 22, 2022, in which he makes several vague references to allegations of discrimination. (*See* Am. Compl. at 2, 6, ECF No. 32).

2

He also raises multiple new legal arguments, including allegations of the denial of due process, and seeks to relitigate the issue of whether this Court has jurisdiction over his ADA claim. (*See id.* at 2–6). In response, Defendants filed a second motion to dismiss, asserting that Plaintiff has again failed to state a claim upon which relief may be granted. That motion is now ripe for review.

## II. STANDARD OF REVIEW

Rule 12(b)(1) authorizes a party to seek dismissal of a case for lack of subject matter jurisdiction. Without subject matter jurisdiction, a federal court is deprived of "authority to hear a case." *Smith v. DeWine*, 476 F. Supp. 3d 635, 649–50 (S.D. Ohio 2020) (citing *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). A motion to dismiss pursuant to Rule 12(b)(1) also serves as the "proper vehicle to assert Eleventh Amendment immunity." *Lee Testing Eng'g, Inc. v. Ohio Dep't of Transport.*, 855 F. Supp. 2d 722, 725 (S.D. Ohio 2012) (citation omitted). The Eleventh Amendment "bars an action for damages in a federal court against a State, unless Congress has abrogated its sovereign immunity, or the state has expressly waived it." *Id.* (citing *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2010)).

Dismissal may also be warranted if the complaint does not state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6). A "motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005) (citation omitted). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative

3

level' and 'to state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And though the court "must accept all well-pleaded factual allegations in the complaint as true," *id.*, the court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The pleadings of a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Among such essentials are the obligations under Rule 8(a) to provide "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

### III.   LAW & ANALYSIS

This Court first addresses Plaintiff's Title VII allegations—*i.e.*, the claim that Plaintiff was given permission to amend in this Court's prior Opinion & Order—before addressing the other claims and arguments made by Plaintiff in his Amended Complaint.

#### A.   Title VII Claim

Title VII "prohibits employment discrimination on the basis of an individual's race, color, religion, sex, or national origin." *Mohamed v. Stratosphere Quality, LLC*, No. 2:20-cv-05861, 2021 WL 3173327, at *3 (S.D. Ohio July 26, 2021). Under Title VII, it is an unlawful employment

4

practice to refuse to "hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a). At the motion to dismiss stage, a plaintiff must at least "allege sufficient 'factual content' from which a court . . . could 'draw the reasonable inference,'" that the defendant discriminated against her "with respect to [her] compensation, terms, conditions, or privilege of employment, *because of* [her] race, color, religion, or national origin." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (emphasis and alterations in original) (first quoting *Iqbal*, 556 U.S. at 678, 679; then quoting 42 U.S.C. § 2000e-2(a)(1)).

This Court has previously noted that, while Plaintiff's initial Complaint alluded to a Title VII claim in passing, it failed to provide sufficient allegations of such a claim. This Court granted Plaintiff leave to amend on that basis. Plaintiff then amended his complaint—but without addressing the inadequacies identified by this Court. In fact, nowhere in the Amended Complaint does Carnes mention Title VII.[1] (*See generally* Am. Compl., ECF No. 32). Instead, Plaintiff only refers generally to "intentional employment discrimination" and "EEOC Federal Laws prohibiting job discrimination." (*Id.* at 2). Although these references could be interpreted as invocations of Title VII, Plaintiff fails to plead that he was discriminated against based on his race, color, religion, sex, or national origin—the only classes protected by Title VII. *See* 42 U.S.C. § 2000e-2(a)(1). In other words, Plaintiff has failed to show that he is a member of a class that is protected by Title

---

[1] The Amended Complaint does reference the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (codified as amended in scattered sections of the U.S. Code), which amended both Title VII and the ADA, *see Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 533–34 (1999), regarding the recovery of punitive or compensatory damages. (*See* Am. Compl. at 2, ECF No. 32) ("HR Kumpar defamed Carnes and violated . . . the Civil Rights Act of 1991, which among other things, provides monetary damages in cases of intentional employment discrimination,[] and EEOC Federal Laws prohibiting job discrimination."). But Plaintiff later clarifies that "[i]n the amended complaint . . . Plaintiff quickly added 'Civil Rights 1991' to Paragraph 1, which was a mistake. It was the wrong citation." (Pl.'s Reply Br. at 2, ECF No. 34). Accordingly, Plaintiff asked the Court to "strike, void, and disregard Civil Rights 1991 when making a decision." (*Id.*). This Court abides by Plaintiff's request and declines to read his reference to the Civil Rights Act of 1991 as a reference to Title VII.

5

VII. As such, any adverse employment action taken against him, such as his discharge from ODT, does not fall within Title VII's purview. Accordingly, his Title VII claim is **DISMISSED WITHOUT PREJUDICE**.

### B. Due Process Claims

In the Amended Complaint, Plaintiff asserts that he was denied due process when ODT discharged him through the IDS process. (*See* Am. Compl. at 2, ECF No. 32). Specifically, Plaintiff argues that he was entitled to legal counsel and to present witnesses and evidence at the IDS hearing. (*Id.* at 9–10). These arguments contesting the IDS decision and process were previously litigated by Plaintiff in the state trial and appellate courts. (*See* Op. & Order at 7, ECF No. 31). Thus, Plaintiff's due process claims effectively seek review in this Court of the state courts' decisions denying those same claims. This Court has previously held that, "[t]o the extent [Plaintiff] seeks review of [the Tenth District's] decision," this Court lacks the authority to conduct such a review. (*Id.*) (first referencing OHIO REV. CODE § 119.12(B); then citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984)). Therefore, Plaintiff's claim that his due process rights were violated is **DISMISSED WITH PREJUDICE**.

### C. Claims Against Charles Kumpar

In the Amended Complaint, Plaintiff alleges that Kumpar, an HR employee at ODT who has not been named as a defendant in this case, "defamed" him in violation of OHIO REV. CODE § 2739.01, 28 U.S.C. § 4101, and the Civil Rights Act of 1991. (Am. Compl. at 2, ECF No. 32). Defendant suggests first that Plaintiff's accusations against Kumpar fail to state a claim and also that this Court lacks jurisdiction to hear such claims anyway. (Second Mot. to Dismiss at 6–7, ECF No. 33).

This Court first addresses the question of its jurisdiction over the allegations against Kumpar. *City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993) ("When a defendant seeks a dismissal under both Rule 12(b)(1) and 12(b)(6), the Court is bound to consider the Rule 12(b)(1) motion first, because the Rule 12(b)(6) motion will become moot if the Court lacks subject matter jurisdiction." (*citing Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990))). The Supreme Court has held that "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 121. Nevertheless, a state may waive sovereign immunity and thereby "consent to suit against it in federal court." *Id.* at 99 (citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883)). And, in fact, "Ohio has waived its sovereign immunity as to some actions under Ohio law," but requires that those actions "be brought in the Ohio Court of Claims." (Op. & Order at 7, ECF No. 31) (citing OHIO REV. CODE § 2734.03(A)(1)). Those actions may not, in other words, be brought in federal court. As such, this Court lacks jurisdiction to review the state law claim against Kumpar. That claim is **DISMISSED WITH PREJUDICE**.

The Court next turns to Plaintiff's federal claims against Kumpar. First, Plaintiff asserts that Kumpar's actions violated 28 U.S.C. § 4101. (Am. Compl. at 2, ECF No. 32). That statute, however, "merely defines 'defamation' in the context of when a federal court or a court in any State may recognize a foreign defamation judgment." *Pearson v. Whatley*, No. 1:22-cv-01041, 2022 WL 4273540, at *3 (N.D. Ohio Sept. 15, 2022) (citation omitted). In short, § 4101 is "not itself a private right of action that would confer federal-question jurisdiction." *Id.* In the absence of factual allegations either identifying a relevant foreign defamation judgment or corresponding to a statutory provision that authorizes a private right of action, *see Frengler*, 482 F. App'x at 976–

7

77 (declining to "guess at the nature of the claim asserted" even for *pro se* pleadings (quoting *Wells*, 891 F.2d at 594)), Plaintiff's § 4101 claim is **DISMISSED WITHOUT PREJUDICE**.

Finally, the Amended Complaint asserts that Kumpar's actions violated the Civil Rights Act of 1991. (Am. Compl. at 2, ECF No. 32). But, as noted earlier, Plaintiff later clarified that "[i]n the amended complaint . . . [he] quickly added 'Civil Rights 1991' to Paragraph **1**, which was a mistake. It was the wrong citation." (Reply Br. at 2, ECF No. 34) (emphasis in original). Plaintiff then asked this Court to "strike, void, and disregard [the reference to the] Civil Rights [Act of] 1991 when making a decision." (*Id.*). Moreover, even if Plaintiff intended to allege violations of the Civil Rights Act of 1991 in the Amended Complaint, he failed to provide any facts indicating such a violation. This claim, too, is **DISMISSED WITHOUT PREJUDICE**.

### D. ADA Claims

Defendant next argues that Plaintiff's claims under Title I and V of the ADA should be dismissed. (Second Mot. to Dismiss at 8, ECF No. 33). Ohio enjoys sovereign immunity with respect to claims of violations of Title I of the ADA. In fact, the "Supreme Court has invalidated congressional abrogation of states' immunity for claims filed under Title I of the ADA," *Lutz v. Ohio Dep't of Rehab. & Corr.*, No. 2:10-cv-00877, 2010 WL 4919775, at *3 (S.D. Ohio Nov. 29, 2010) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001); *Gentry v. Summit Behav. Healthcare*, 197 F. App'x 434, 437 (6th Cir. 2006)), and "Ohio has not waived its sovereign immunity with respect to claims under Title I of the ADA." *Id.* Additionally, while the Sixth Circuit has not ruled on the issue of Title V abrogation as to stand-alone claims, this Court has previously held that "Ohio is immune from Title V claims that arise out of Title 1 [sic] claims." *Watson v. Ohio Dep't of Rehab. & Corr.*, 167 F. Supp. 3d 912, 921–22 (S.D. Ohio 2016) (citing *Demshki v. Monteith*, 255 F.3d 986 (9th Cir. 2001); *Lutz v. Ohio Dep't of Rehab. & Corr.*, No.

8

2:10-cv-00877, 2011 WL 587144, at *1 (S.D. Ohio Feb. 9, 2011)). Here, Plaintiff's Title V claim does just that: he alleges retaliation that arose out of his attempts to combat alleged employment discrimination. Accordingly, the ADA claims are **DISMISSED WITH PREJUDICE**.

Because both of Plaintiff's ADA claims are barred by sovereign immunity, this Court need not decide whether Plaintiff alleged sufficient facts regarding his ADA claim. *City of Heath*, 834 F. Supp. at 975 (citing *Moir*, 895 F.2d at 269)).

### IV. CONCLUSION

For the reasons set forth more fully above, Defendant's Second Motion to Dismiss (ECF No. 32) is **GRANTED**. Plaintiff's due process claim, state law claims against Kumpar, and ADA claims are **DISMISSED WITH PREJUDICE**; his Title VII and federal defamation claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                      **ALGENON L. MARBLEY**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: August 7, 2023**